UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                     CASE NO.   8:14-cr-55-SDM-AAS
                                                                    8:19-cv-2465-SDM-AAS

CARLINGON CRUICKSHANK
_____

**ORDER**

Carlington Cruickshank moves under 28 U.S.C. § 2255 to vacate his conviction and sentence for conspiring to possess, and aiding and abetting possession, with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States, for which he is imprisoned for 240 months. Cruickshank claims he received ineffective assistance of counsel and challenges the district court's jurisdiction.

A prior order that denied Cruickshank's Section 2255 motion was vacated because Cruickshank was not served with the United States' response to his motion. (Civ. Docs. 15, 18, 20, and 22) The United States was directed to re-serve Cruickshank with its response, and Cruickshank was permitted an opportunity to reply. Cruickshank now confirms that he was served with the United States' response, and he replies. (Civ. Doc. 25)

**I. BACKGROUND**

A grand jury indicted Cruickshank for conspiracy to possess with intent to

distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 21 U.S.C. § 960 (b)(1)(B)(ii) and 46 U.S.C. §§ 70503(a), 70506(a) and (b), and aiding and abetting possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii), and 46 U.S.C. §§ 70503(a), 70506(a).  Before trial the United States filed a Department of State certification that the vessel was without nationality and subject to the jurisdiction of the United States.  (Crim. Doc. 19-1)  A jury found Cruickshank guilty as charged.  The district court sentenced him to 324 months.

Cruickshank appealed.  The appellate court affirmed his convictions but vacated his sentence and remanded the case for resentencing.  *United States v. Cruickshank*, 837 F.3d 1187, 1187 (11th Cir. 2016).  Cruickshank was resentenced to 240 months.

Cruickshank moves to vacate his conviction and sentence and claims (1) that counsel was ineffective for not researching or contesting the veracity of the Department of State certification that the vessel was without nationality and subject to the jurisdiction of the United States, (2) that counsel was ineffective for not arguing that the search and seizure of the vessel violated his rights under the Fourth and Fifth Amendments, (3) that counsel was ineffective for not arguing that the certification was insufficient to subject the vessel to the jurisdiction of the United States, and (4) that the MDLEA is unconstitutional because his guilt is presumed under the statute.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

"[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Cruickshank must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Cruickshank must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Cruickshank cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992); *accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); s*ee also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

### III.   GROUND ONE

Cruickshank claims that counsel was ineffective for not researching or contesting the veracity of the Department of State certification that the vessel was without nationality and subject to the jurisdiction of the United States. He argues that U.S. Coast Guard Commander Salvatore J. Fazio, who signed the certification, neglects to certify that he had personal knowledge that the government of Jamaica could neither confirm nor deny that the vessel was registered in Jamaica. (Civ. Doc. 3 at 4–5)

Under the MDLEA, jurisdictional issues "are preliminary questions of law to be determined solely by the trial judge." 46 U.S.C. § 70504. A "covered vessel" under the MDLEA is "a vessel subject to the jurisdiction of the United States[,]" which includes "a vessel without nationality" and "a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States." 46 U.S.C. §§ 70502(c)(1)(A), (C) and 70503(e)(1).

Consent or waiver of objection by a foreign nation "is proved conclusively by certification of the Secretary of State or Secretary's designee." *Id*. at § 70502(c)(2)(B).

Counsel explains that she strategically decided not to contest the Department of State certification (Civ. Doc. 5 at 21):

> Based on my experience with the Office of the Federal Defender since 2009 handling a large number of cases prosecuted under the MDLEA, I can attest that I understood in 2014 that "[c]onsent or waiver of objection by a foreign nation to the enforcement of United States law by the United States is proved conclusively by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. § 70502(c)(2)(B). I can also attest that I understood the Eleventh Circuit to hold the same, and that the admission of the certification did not violate Mr. Cruickshank's right to confront his witnesses. *See, e.g., United States v. Campbell*, 743 F.3d 802, 809 (11th Cir. 2014); *United States v. Betancourth*, 554 F.3d 1329, 1333–34 (11th Cir. 2009); *United States v. Brant-Epigmelio*, 429 F. App'x 860, 864 (11th Cir. 2011). Thus, at the time of Mr. Cruickshank's trial I had no legal reason to investigate or contest the certificate.
>
> Based on the MDLEA statute and case law in 2014, I made a strategy decision instead to preserve jurisdictional arguments I believed were more ripe for potential Supreme Court review, including that jurisdiction did not exist to prosecute Mr. Cruickshank under the MDLEA and that the MDLEA is unconstitutional, without attacking the substance of the certificate itself.

Cruickshank cannot show that counsel's strategic choice not to challenge the veracity of the certification and instead to challenge the constitutionality of the MDLEA constituted deficient performance or prejudiced him. "The decision whether to present a line of defense, or even to investigate it, is a matter of strategy and is not ineffective unless the petitioner can prove that the chosen course, in itself, was unreasonable." *Brownlee v. Haley*, 306 F.3d 1043, 1050 (11th Cir. 2002) (quotations omitted). Counsel relied on binding precedent that "the [Department of

State] certification is conclusive proof of a response to a claim of registry" and "therefore provide[s] conclusive proof that the vessel [is] within the jurisdiction of the United States." *United States v. Campbell*, 743 F.3d 802, 809 (11th Cir. 2014). Counsel's reliance on binding precedent was reasonable, and she is not ineffective for failing to raise a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (*citing Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

In his reply Cruickshank complains that counsel should have investigated "whether there existed any unusual circumstances that may have prevented [a] true and correct determination of registry." (Civ. Doc. 25 at 14) Cruickshank's mere speculation that an investigation might have cast doubt on the veracity of the certification is insufficient to show deficient performance or prejudice. *See Brownlee v. Haley*, 306 F.3d 1053, 1060 (11th Cir. 2002) ("Speculation is insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation.") (citations omitted).

## IV.   GROUNDS TWO, THREE, and FOUR

Grounds Two, Three, and Four challenge the district court's jurisdiction and the MDLEA's constitutionality. In Ground Two, Cruickshank claims that counsel was ineffective for not arguing that the search and seizure of the vessel violated his rights under the Fourth and Fifth Amendments. In Ground Three, he claims that counsel was ineffective for not arguing that the certification was insufficient to subject the vessel to the jurisdiction of the United States. In Ground Four, he claims

that the MDLEA is unconstitutional because his guilt is presumed under the statute. He contends that no evidence existed to establish that he "was going to be involved in the distribution of any drugs or that the drugs would be sold in a criminal manner, as the drugs were being taken to Jamaica and not the [United States]." (Civ. Doc. 1 at 8)  In his reply Cruickshank complains that the United States introduced no evidence at trial to establish a nexus between the charged offenses and the United States.  (Civ. Doc. 25 at 14)

The appellate court specifically "reject[ed] [Cruickshank's] claims that jurisdiction did not exist to prosecute him under the MDLEA and that the MDLEA is unconstitutional." *Cruickshank*, 837 F.3d at 1187–88 (reaffirming (1) that "Congress did not exceed its authority by enacting the MDLEA[;]" (2) that "no jurisdictional nexus was required under the MDLEA[;]" and (3) that "convictions under the MDLEA do not violate the Due Process Clause of the Constitution") (quotations omitted).  The appellate court was "unpersuaded by Cruickshank's claim that the district court erred in denying his motion for judgment of acquittal based on insufficient evidence of mens rea." *Id*. at 1188.  Also the appellate court was "unpersuaded by Cruickshank's claims that the district court erred by establishing jurisdiction under the MDLEA . . . by relying on a United States Department of State certification . . . [and] by removing from the jury the question of fact concerning jurisdiction." *Id*. at 1190.

Grounds Two, Three, and Four are barred by prior resolution and lack merit. "It is long settled that a prisoner is procedurally barred from raising arguments in a

motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal." *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). Also, counsel is not ineffective for failing to raise a meritless claim. *Denson*, 804 F.3d at 1342.

Cruickshank's motion under Section 2255 to vacate, set aside, or correct his sentence is **DENIED**. The clerk is directed to enter a judgment against Cruickshank, close this case, enter a copy of this order in the criminal case, and terminate any pending motions.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Cruickshank is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Cruickshank must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues she seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Cruickshank is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Cruickshank must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 19th, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE